FILED IN MY OFFICE
DISTRICT COURT CLERK
9/17/2015 9:34:29 AM
STEPHEN T. PACHECO
Ginger Sloan

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE
~~Case No. D-101-CV-2015-~~          D-101-CV-2015-02067

DALE M. KNAPP,

      Plaintiff,

vs.

LIVINGSTON HEARING AID CENTER, INC.,
a New Mexico Corporation, and KEITH CONDICT,

      Defendants.

## COMPLAINT FOR PERSONAL INJURIES AND PUNITIVE DAMAGES

PLAINTIFF DALE M. KNAPP, by and through his undersigned attorneys, O'FRIEL and LEVY, P.C., by Aimee S. Bevan, Esquire, for his Complaint to recover damages for personal injuries and for punitive damages, hereby comes forth and states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff DALE M KNAPP, at all times material to the allegations of the Complaint, was and is a resident of the County of Santa Fe, State of New Mexico.

2. Defendant LIVINGSTON HEARING AID CENTER, INC., ("Livingston") is a foreign corporation that upon information and belief is not registered with the New Mexico Secretary of State to do business in New Mexico.

3. Defendant KEITH CONDICT, at all times material to the allegations of the Complaint, was an employee of Defendant LIVINGSTON and a resident of the County


EXHIBIT A

of Santa Fe, State of New Mexico. Upon information and belief, Defendant KEITH CONDICT currently resides in Sherman, Texas.

4. Jurisdiction and venue are proper in this Court.

## COUNT I
## NEGLIGENCE

5. On March 4, 2014, Plaintiff DALE M. KNAPP purchased two hearing aids from Livingston Hearing Aid Center, Inc., doing business as Livingston Audiology & Hearing Aid Center ("Livingston"), located at 2432 Cerrillos Road in Santa Fe, New Mexico.

6. Plaintiff DALE M. KNAPP had his hearing aids inserted at Livingston on April 2, 2014.

7. On April 15, 2014, Plaintiff DALE M. KNAPP returned for a follow-up appointment at Livingston. At this time, Plaintiff DALE M. KNAPP was told that everything looked good and that unless he experienced some problems, he did not need to return for about three months.

8. On August 4, 2014, Plaintiff DALE M. KNAPP returned to Livingston for the three-month check-up. At this time, Plaintiff DALE M. KNAPP was seen by a new audiologist, Defendant KEITH CONDICT. Defendant KEITH CONDICT examined Plaintiff DALE M. KNAPP's ears and stated that there was some wax build-up and his ears needed cleaning. Defendant KEITH CONDICT proceeded to clean Plaintiff DALE M. KNAPP's ears. During the cleaning procedure, Plaintiff DALE M. KNAPP experienced excruciating pain in his right ear.

9. That night, when Plaintiff DALE M. KNAPP removed his hearing aids, he noticed that his right hearing aid was moist and looked plugged up so he cleaned the hearing aid and put in a new filter.

10. The next day, Plaintiff DALE M. KNAPP called Livingston and asked to speak to Defendant KEITH CONDICT's supervisor. Ultimately, he was transferred to Richard Davila, President of Livingston. Plaintiff DALE M. KNAPP told Mr. Davila about the excruciating pain he experienced during the cleaning performed by Defendant KEITH CONDICT as well as the drainage from his ear. Mr. Davila offered to call Defendant KEITH CONDICT to set up a time to have Plaintiff DALE M. KNAPP's right ear checked. Mr. Davila also suggested that Plaintiff DALE M. KNAPP have his ear examined by an ear, nose and throat specialist.

11. On or about August 6 or 7, 2014, Plaintiff DALE M. KNAPP went back to Livingston. Defendant KEITH CONDICT examined Plaintiff DALE M. KNAPP's right ear and said that it looked fine. Defendant KEITH CONDICT did not inform Plaintiff DALE M. KNAPP of the perforation of his right ear drum. Defendant KEITH CONDICT noted that the right hearing aid was plugged up and told Plaintiff DALE M. KNAPP not to use that aid until the drainage stopped.

12. On August 13, 2014, Plaintiff DALE M. KNAPP was seen by David Brown, M.D. at Southwest Ear, Nose and Throat for the continuing pain and discharge in his right ear. Dr. Brown's examination revealed that Plaintiff DALE M. KNAPP's right ear drum was perforated and that he had an infection in his right ear. Dr. Brown confirmed that Plaintiff DALE M. KNAPP's right ear drum had not been perforated at his last appointment at Southwest Ear, Nose and Throat and opined that the perforation

3

happened during the ear cleaning by Defendant KEITH CONDICT when Plaintiff DALE M. KNAPP experienced excruciating pain.

13. Plaintiff DALE M. KNAPP subsequently underwent two unsuccessful procedures to repair the perforation in his eardrum. Ultimately, Plaintiff DALE M. KNAPP had to undergo a surgical skin grafting procedure to patch the perforation.

14. During the nearly ten months it took to repair the perforation, Plaintiff DALE M. KNAPP was unable to hear out of his right ear. The lack of hearing in his right ear, combined with limited hearing in his left ear, profoundly affected Plaintiff DALE M. KNAPP's life during this period.

15. Defendant KEITH CONDICT, having undertaken to treat and care for Plaintiff DALE M. KNAPP, had a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified audiologists practicing under similar circumstances in this area.

16. Defendant KEITH CONDICT had a duty to inform Plaintiff DALE M. KNAPP that his ear drum had been perforated during the cleaning and that a doctor with other qualifications was needed for Plaintiff DALE M. KNAPP to receive proper treatment.

17. Defendant KEITH CONDICT negligently failed to perform his duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified audiologists practicing under similar circumstances in this area.

18. Defendant KEITH CONDICT negligently failed to inform Plaintiff DALE M. KNAPP that his ear drum had been perforated during the cleaning and that a doctor with other qualifications was needed for Plaintiff DALE M. KNAPP to receive proper

treatment.

19. Defendant LIVINGSTON HEARING AID CENTER, INC., is responsible for injuries proximately resulting from the negligence of its employees, such as Defendant KEITH CONDICT.

20. As a direct and proximate result of Defendant KEITH CONDICT's negligence, Plaintiff DALE M. KNAPP suffered injuries in the form of medical expenses, pain and suffering, emotional distress, and loss of enjoyment of life in an amount to be proven at trial.

## COUNT II
## INTENTIONAL, WILLFUL, RECKLESS, OR GROSSLY NEGLIGENT FAILURE TO INFORM PLAINTIFF OF MEDICAL CONDITION AND NEED FOR TREATMENT BY ANOTHER MEDICAL PROVIDER

21. Plaintiff DALE M. KNAPP incorporates the foregoing allegations of the Complaint as if fully set forth below and for his second cause of action for intentional, willful, or reckless failure to inform Plaintiff DALE M. KNAPP that his ear drum had been perforated during the cleaning and that a doctor with other qualifications was needed for Plaintiff DALE M. KNAPP to receive proper treatment of his medical condition, states as follows:

22. The aforesaid actions of Defendant KEITH CONDICT in not informing Plaintiff DALE M. KNAPP of the perforated ear drum and that a doctor with other qualifications was needed for Plaintiff DALE M. KNAPP to receive proper treatment of his perforated ear drum, either at the time the ear drum was perforated on August 4, 2014, or at the August 6 or 7, 2014 follow-up appointment, were willful, wanton,

malicious, reckless or grossly negligent so as to warrant an additional award of punitive damages as punishment and to deter others from committing like offenses.

WHEREFORE, Plaintiff DALE M. KNAPP has stated his Complaint against Defendant LIVINGSTON HEARING AID CENTER, INC., and Defendant KEITH CONDICT as aforesaid, and prays for compensatory damages in an amount to be proven at the time of trial, pre-judgment interest, costs, punitive damages, and any other relief the Court deems just and proper.

Respectfully submitted by:

O'FRIEL and LEVY, P.C.
Attorneys for Plaintiff Dale M. Knapp

By: /s/ Aimee S. Bevan
Aimee S. Bevan, Esquire
P. O. Box 2084
Santa Fe, New Mexico 87504-2084
(505) 982-5929
aimee@ofrielandlevy.com